OPINION
{¶ 1} John L. Skeens appeals from the trial court's declaratory judgment that he is not entitled to coverage on a claim he made under a homeowner's insurance *Page 2 
policy issued by appellee Nationwide Mutual Insurance Company.
 {¶ 2} Skeens' insurance claim resulted from his act of driving a front-end loader downhill into his house and causing substantial damage. After investigating the incident, Nationwide concluded that it was not an accident. Nationwide took the position that Skeens intentionally drove the front-end loader into his house and lied about the circumstances of the loss. For his part, Skeens insisted that the incident was an accident. He claimed it occurred when his brakes and steering failed while he was operating the front-end loader.
 {¶ 3} In response to Nationwide's declaratory judgment action, the trial court allowed a jury to resolve the factual disputes underlying Skeens' insurance claim. At the conclusion of the trial, the jury answered six interrogatories. First, it found that Skeens intentionally had concealed or misrepresented a material fact or circumstance in making his claim. Second, it found that he had committed fraud. Third, it found that he knowingly had made a false statement relating to his loss. Fourth it found that he had failed to use all reasonable means to preserve or protect his property from further damage. Fifth, it found that he did not fail to submit a signed and sworn proof-of-loss form within sixty days of Nationwide's request. Sixth, it found that Nationwide had failed to prove, by a preponderance of the evidence, that the incident was not an accident.
 {¶ 4} Based on the jury's response to the first three interrogatories alone, the trial court held that Skeens' Nationwide policy unambiguously precluded coverage. As a result, the trial court entered a declaratory judgment that the damage to his house was not a covered loss under the policy. This timely appeal followed. *Page 3 
 {¶ 5} Skeens advances four assignments of error for our review. His first assignment of error is as follows:
 {¶ 6} I. "The Court failed to consider this as a Declaratory Judgmentaction and instead attempted to consider the case on its merits forbreach of contract, even though the Defendant-Appellant did not have anopportunity to present his case in chief on the merits."
 {¶ 7} Skeens' initial assignment of error bears no relationship to the actual arguments he presents thereunder. He first asserts that the jury's response to interrogatory number six precluded the trial court from finding that he intentionally drove the front-end loader into his house. Therefore, he contends the trial court should not have entered a declaratory judgment finding no coverage.
 {¶ 8} Skeens' argument lacks merit. Interrogatory number six established Nationwide's failure to prove that the incident was not an accident. The declaratory judgment entered in favor of Nationwide does not conflict with this interrogatory. The trial court did not base its ruling on a finding that Skeens intentionally drove into his house. Instead, it based its declaratory judgment on the jury's response to the first three interrogatories, which established that Skeens intentionally had concealed or misrepresented a material fact or circumstance, had committed fraud, and knowingly had made a false statement relating to his loss. The trial court determined that these acts by Skeens precluded coverage under the policy, regardless of whether he drove into his house intentionally or accidentally.
 {¶ 9} Skeens next argues that his misrepresentations to a Nationwide investigator concerning his purchase of the front-end loader were not material. This *Page 4 
argument concerns Skeens' admitted lies to the investigator regarding where he purchased the front-end loader and how much he paid for it. Skeens told the investigator that he bought it in the Cincinnati/Northern Kentucky area from someone named "Dave," that he paid $8,000 cash, and that no bill of sale existed. In reality, Skeens purchased the front-end loader locally from Piqua Materials, Inc., paid $3,000 for it using a check from his business, and received a bill of sale and disclaimer of warranty. On appeal, Skeens insists that these misrepresentations were not material because (1) Nationwide's investigator later independently uncovered the truth and (2) the facts concerning his purchase of the front-end loader turned out to be of no assistance to Nationwide.
 {¶ 10} We are unpersuaded by Skeens' arguments. "The requirement that a misrepresentation be material is satisfied, in the context of an insurer's post-loss investigation, if the false statement concerns a subject relevant and germane to the insurer's investigation as it was then proceeding. Accordingly, false answers are material if they might have affected the attitude and action of insurer, and they are equally material if they may be said to have been calculated either to discourage, mislead, or deflect the company's investigation in any area that might seem to the company, at that time, a relevant or productive area to investigate. * * * Since the purpose of requiring answers to questions is to protect the insurer against false claims, the materiality of false answers should be judged at time of the misrepresentation, and not at time of trial." 6 Russ Segalia, Couch on Insurance (3d Ed. 2005), Section 197:16 (footnotes omitted).
 {¶ 11} At the time of Skeens' misrepresentations, his response about the *Page 5 
origin of the front-end loader was material to Nationwide's investigation. A representative of the insurance company explained that facts about the purchase of the front-end loader were relevant to a potential subrogation claim against the seller. Additionally, in light of Skeens' assertion that a malfunction of the front-end loader's brakes and steering caused the incident, Nationwide wanted to identify the seller to inquire about the machine's operational and repair history. Skeens' false answer about where he got the machine reasonably might have affected Nationwide's course of action, and the misrepresentation admittedly was calculated by Skeens to mislead the company in its investigation. The fact that Nationwide later discovered the truth and had no subrogation claim against Piqua Materials does not affect the materiality of Skeens' false statement because materiality is judged at the time of the misrepresentation. Id.; see also Abon, Ltd. v.Transcontinental Ins. Co., Richland App. No. 2004-CA-0029,2005-Ohio-3052, ¶ 82 ("Most courts have construed materiality broadly, emphasizing that the subject of the misrepresentation need not ultimately prove to be significant to the disposition of the claim, so long as it was reasonably relevant to the insurer's investigation at the time.").
 {¶ 12} Skeens next asserts that the materiality of his misrepresentation and the exclusionary terms of his policy were unclear to him. Therefore, he argues that Nationwide should be required to pay his claim, notwithstanding any false statements on his part. We reject this argument for at least two reasons. First, as Nationwide points out, an insured such as Skeens "has a duty to examine the coverage provided him and is charged with knowledge of the contents of his own insurance policies." Fry v. Walters Peck Agency, Inc. (2001),141 Ohio App.3d 303, 312. Second, we *Page 6 
find nothing ambiguous or confusing about the pertinent policy language, which precludes coverage based on the misrepresentation or concealment of a material fact, the commission of fraud, or the making of false statements related to the loss. Skeens' first assignment of error is overruled.
 {¶ 13} His second assignment of error states:
 {¶ 14} "II. "The Court did not require Plaintiff-Appellee to prove allof the elements of a recoverable fraud, including justifiable relianceand/or damages."
 {¶ 15} Skeens argues that his false statement regarding the origin of the front-end loader was insufficient to support the jury's finding of fraud. In particular, Skeens argues that a finding of fraud requires proof that Nationwide justifiably relied on his misrepresentation and that the insurance company was injured by such reliance. Absent justifiable reliance and a resulting injury to Nationwide, Skeens argues that coverage for his loss cannot be denied on the basis of fraud.
 {¶ 16} Upon review, we need not decide whether Nationwide proved fraud under the terms of the policy. Even assuming, arguendo, that Nationwide failed to establish actionable fraud, the trial court properly entered a declaratory judgment finding no coverage under the policy. As set forth above, the jury's response to the first three interrogatories established that Skeens (1) intentionally had concealed or misrepresented a material fact or circumstance, (2) had committed fraud, and (3) knowingly had made a false statement relating to his loss. Under the terms of the Nationwide policy, any one of these three findings precluded coverage.
 {¶ 17} In our analysis of Skeens' first assignment of error, we found that his *Page 7 
false statement about where he purchased the front-end loader qualified as an intentional misrepresentation of a material fact. On this basis alone, Nationwide was justified in denying coverage under its policy, regardless of whether Skeens' false statement about the origin of the front-end loader also qualified as being fraudulent. Accordingly, we overrule his second assignment of error as moot.
 {¶ 18} Skeens' third assignment of error asserts:
 {¶ 19} "III. "The Court inappropriately concluded that theDefendant-Appellant tore the house down in order to prevent thePlaintiff-Appellee and a possible law enforcement agency from furtherinvestigating or testing."
 {¶ 20} Shortly after Nationwide's investigation into Skeens' claim, he used his front-end loader to demolish the remainder of his house. Based on this act, the jury found in its fourth interrogatory that Skeens had failed to use all reasonable means to preserve or protect his property from further damage. In its written opinion, the trial court inferred from the evidence and the jury's fourth interrogatory "that the Defendant removed the building and all material to prevent the Plaintiff and possibly a law enforcement agency from further investigation or testing."
 {¶ 21} Skeens takes issue with the foregoing statement by the trial court. He contends he was entitled to raze the house. He also asserts that the insurance company was not prejudiced by his conduct. As noted by Nationwide, however, the trial court expressly declined to base its declaratory judgment on the jury's fourth interrogatory or Skeens' act of tearing down the house. Instead, the trial court found coverage unavailable based on other policy exclusions. Because the trial court's declaratory judgment was not based on a finding that Skeens impermissibly tore *Page 8 
down his house, the third assignment of error is overruled as moot.
 {¶ 22} Skeens' final assignment of error states:
 {¶ 23} "IV. "The Court's decision is manifestly against the weight ofthe evidence for a summary (sic) for a Declaratory (Summary) Judgmentaction."
 {¶ 24} Skeens reiterates arguments made elsewhere in his brief and insists that the trial court's declaratory judgment finding no insurance coverage is against the manifest weight of the evidence.
 {¶ 25} Under the civil manifest-weight standard, a judgment supported by some competent, credible evidence going to all the essential elements will not be reversed as being against the manifest weight of the evidence. State v. Wilson, 113 Ohio St.3d 382, 387, 2007-Ohio-2202, citing C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279. When conducting our review, we must presume that the findings of the trier of fact are correct. Id., citing Seasons Coal Co., Inc. v.Cleveland (1984), 10 Ohio St.3d 77, 80-81. We may not reverse based on a mere difference of opinion regarding the credibility of the witnesses and the evidence submitted at trial. Id.
 {¶ 26} Here, the manifest weight of the evidence supports the jury's finding that Skeens intentionally made a material misrepresentation when he lied to Nationwide about where he got the front-end loader. We adequately addressed the materiality of Skeens' false statement under his first assignment of error. Moreover, as the trial court correctly found in its written opinion, Skeens' Nationwide policy unambiguously excludes coverage if an insured intentionally misrepresents a material fact. Therefore, the trial court's declaratory judgment, finding no coverage *Page 9 
available under the Nationwide policy, is not against the manifest weight of the evidence.
 {¶ 27} Skeens' various arguments under his fourth assignment of error do not persuade us otherwise. He first contends he was honest with Nationwide about everything except where he got the front-end loader. Nationwide disputes this assertion, arguing that Skeens lied about numerous things, including whether the home had termites and whether the brakes and steering on the front-end loader malfunctioned at the time of the accident. But even if Skeens lied about nothing more than where he purchased the front-end loader, that material misrepresentation alone was sufficient for Nationwide to deny coverage.[1]
 {¶ 28} Skeens next stresses Nationwide's failure to prove, by a preponderance of the evidence, that the incident was not an accident. He contends the jury's finding on this issue in interrogatory number six proves that he was truthful about the front-loader's brakes and steering malfunctioning. Once again, however, even if the incident was an accident, Skeens' material misrepresentation about the *Page 10 
origin of the front-end loader justified Nationwide's denial of coverage.
 {¶ 29} Skeens also contends the evidence does not support a finding that he tore down his house after the incident to prevent further investigation. As we noted above, however, Skeens' destruction of the remainder of the structure was not the basis for the trial court's declaratory judgment in favor of Nationwide.
 {¶ 30} Finally, Skeens reiterates his fraud argument, asserting that Nationwide failed to prove justifiable reliance on his misrepresentation about where he got the front-end loader or any injury resulting from the false statement. Under Skeens' second assignment of error, however, we concluded that his lie about where he purchased the front-end loader qualified as an intentional misrepresentation of a material fact. As we explained above, the misrepresentation justified Nationwide's denial of coverage under the terms of its policy, regardless of whether the insurance company also proved fraud. Skeens' fourth assignment of error is overruled.
 {¶ 31} The judgment of the Miami County Common Pleas Court is affirmed.
FAIN, J., and DONOVAN, J., concur.
Copies mailed to:
Nicholas E. Subashi
Anne P. Keeton
Thomas J. Buecker
Hon. Robert J. Lindeman
[1] Throughout its brief, Nationwide asserts that Skeens made numerous false statements. A review of the record — including Skeens' depositions and the trial transcript — tends to support Nationwide's assertion. Skeens gave varying, conflicting accounts about how the accident occurred and the functioning of the brakes and steering. On their face, some of his statements appear questionable. Nevertheless, it is axiomatic that assessing credibility is primarily the function of the trier of fact. In this case, a jury concluded that Nationwide had failed to prove the incident was not an accident. Seemingly implicit in this determination is a finding that the front-end loader's brakes and steering did not work when Skeens drove it downhill into his house. Indeed, if the brakes and steering were working, he presumably could have stopped or turned to miss the house. Therefore, for purposes of our analysis herein, we have assumed, arguendo, that Skeens did not lie about the functioning of his brakes and steering. Instead, we have focused exclusively on his admitted falsehood about where he purchased the front-end loader. *Page 1