[Cite as *Freeland v. Grange Mut. Cas. Co.*, 2014-Ohio-5044.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Norwell Freeland<br>d.b.a. Mr. Butch's Salon, | : | |
| | : | |
| Plaintiff-Appellant, | | No. 14AP-206 |
| | : | (C.P.C. No. 13CV-08-8697) |
| v. | | |
| | : | (REGULAR CALENDAR) |
| Grange Mutual Casualty Company,<br>c/o CT Corporation System, | : | |
| | | |
| Defendant-Appellee. | : | |

---

D E C I S I O N

Rendered on November 13, 2014

---

*Byron L. Potts, LPA, Byron L. Potts*, and *Anthony A. Vines, II*, for appellant.

*Smith, Rolfes & Skavdahl Company, L.P.A.*, and *William Scott Lavelle* for appellee.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Norwell Freeland, plaintiff-appellant, appeals the judgment of the Franklin County Court of Common Pleas, in which the court granted the motion for summary judgment filed by Grange Mutual Casualty Company ("Grange"), defendant-appellee.

{¶ 2} Appellant owned a building that he had insured through an insurance policy issued by Grange. In part of the building, appellant operated a salon and barbershop. On August 15, 2011, the insured building was destroyed in a fire. Grange declined to cover the loss under the terms of the insurance policy.

{¶ 3}   On August 7, 2013, appellant filed a complaint against Grange alleging breach of contract and unjust enrichment. On September 4, 2013, Grange filed a motion for summary judgment arguing that it was not required to provide coverage for the loss based on, in relevant part, appellant's violation of the policy's concealment, misrepresentation, and fraud provision ("fraud provision").

{¶ 4}   On February 12, 2014, the trial court granted Grange's motion for summary judgment. With regard to appellant's breach of contract claim, the trial court found that Grange was entitled to summary judgment under the concealment, misrepresentation, and fraud provision in the policy. The trial court concluded that appellant had made the following four material misrepresentations to Grange: (1) appellant told the Columbus Fire Department investigator, Gregg Haggit, that three people had keys to the property, but then he later testified that three entirely different people actually had keys, (2) appellant initially told Grange that he had secured a broken window on the building with a board the day before the fire occurred, but then he later told Haggit that he lied to Grange about securing the broken window because he did not want to look "stupid" for not knowing how to board up a window, (3) appellant admitted that he told his own fire investigator the wrong information about the location of a broken window at the rear of the property, claiming that he made up the information to get the investigator motivated, and (4) appellant admitted that the $405,000 replacement cost for the property he provided in the sworn affidavit attached to his proof of loss form was a "made up" figure. With regard to appellant's unjust enrichment claim, the trial court found Grange was entitled to summary judgment because a claim for unjust enrichment cannot be made when there is an express contract related to the same subject matter. Appellant appeals the judgment of the trial court, asserting the following assignment of error:

>   The trial court erred in granting the defendant's summary
>   judgment motion.

{¶ 5}   Appellant argues in his assignment of error that the trial court erred when it granted summary judgment in favor of Grange. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-

moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua–Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 6}   When seeking summary judgment on the ground that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Id.* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 7}   In the present case, appellant argues that the trial court erred when it held that statements he made during the course of the claim investigation violated the fraud provision of the insurance policy. The insurance policy entered into between the parties provided that the policy would be void for fraud if the insured intentionally concealed or misrepresented a material fact concerning: (1) the policy, (2) the covered property, (3) the insured's interest in the covered property, or (4) a claim under the policy. " 'The requirement that a misrepresentation be material is satisfied, in the context of an insurer's post-loss investigation, if the false statement concerns a subject relevant and germane to the insurer's investigation as it was then proceeding. Accordingly, false answers are material if they might have affected the attitude and action of insurer, and

they are equally material if they may be said to have been calculated either to discourage, mislead, or deflect the company's investigation in any area that might seem to the company, at that time, a relevant or productive area to investigate. * * * Since the purpose of requiring answers to questions is to protect the insurer against false claims, the materiality of false answers should be judged at time of the misrepresentation, and not at time of trial.' " (Footnotes omitted.)  *Nationwide Mut. Ins. Co. v. Skeens*, 2d Dist. No. 07-CA-29, 2008-Ohio-1875, ¶ 10, quoting 6 Russ & Segalia, *Couch on Insurance* (3d Ed.2005), Section 197:16 *Abon, Ltd. v. Transcontinental Ins. Co.*, 5th Dist. No. 2004-CA-0029, 2005-Ohio-3052, ¶ 82 ("Most courts have construed materiality broadly, emphasizing that the subject of the misrepresentation need not ultimately prove to be significant to the disposition of the claim, so long as it was reasonably relevant to the insurer's investigation at the time.").

{¶ 8}   Appellant claims there are genuine issues of material fact with regard to all four misrepresentations on which the trial court relied. Appellant argues that any misrepresentations were not material and willful but, rather, were inadvertencies based upon the stress he suffered as a result of the fire and business loss three days prior to his statement to Haggit, the Columbus Fire Department investigator. Appellant also asserts that his statements to Grange did not affect Grange's attitude and action, and were not meant to mislead the claim investigation.

{¶ 9}   The first statement the trial court found to be a material misrepresentation was that appellant told Haggit that three people—a Ms. Elkins, a Mr. Beatty, and a "crackhead" named Toby—had keys to the property, but then later testified that three entirely different people actually had keys. In his deposition, appellant admitted that he told Haggit during Haggit's investigation that the aforementioned three people were the only people who had keys, but then later told Grange's counsel in his Examination Under Oath ("EUO") that his realtor, Don Henderson, a Mr. Foster, and a Mr. Darrett were the only people who had keys. Appellant testified that he did not believe the statements were conflicting because he was under stress from the fire at the time of his statement to Haggit, and he meant to say that Elkins, Beatty, and Toby had keys in the past but not at the time of the fire. Appellant admitted that he never communicated with Grange or Grange's counsel regarding the discrepancy.

{¶ 10} Appellant argues that, when the evidence is viewed in his favor, reasonable minds could differ on whether he made a willful misrepresentation regarding the names of the individuals who had access to the premises. We agree. This is not a situation in which reasonable minds could come to but one conclusion when viewing the evidence most strongly in favor of appellant. Intentional concealment or misrepresentation is a requirement for fraud under the terms of the contract. Appellant's deposition testimony that his misstatements were inadvertent raises a question of fact for a factfinder to determine, and reasonable minds could differ as to whether he intentionally concealed or misrepresented the names of those who had keys to the premises. Although we agree that who possessed keys to the premises was clearly relevant and germane to the insurer's investigation and could have affected the attitude and action of Grange, these findings are relevant to the issue of materiality, which we do not reach unless the underlying concealment or misrepresentation is intentional, based on the plain language of the fraud provision in the contract. Therefore, we find a genuine issue of material fact as to this first statement.

{¶ 11} The second material misrepresentation cited by the trial court was that appellant initially told a Grange representative that he had secured a broken window on the building with a board the day before the fire occurred but then later told Haggit that he lied to Grange about securing the broken window because he did not want to sound "stupid." At his EUO, appellant admitted he told Grange that he put a board over the broken window. He stated he did not want to sound "stupid" because he did not know how to use a screwdriver and put up a board to secure a window. Appellant stated he had never done any "tool work," and did not want the Grange representative to say he was "stupid."

{¶ 12} This second statement differs from the first statement we analyzed above, in that appellant admits that he intentionally lied to the Grange representative in the second statement. Thus, appellant's admission satisfies the requirement of the fraud provision in the contract that the insured intentionally concealed or misrepresented a fact.

{¶ 13} With regard to the materiality requirement in the contract, it is clear that appellant's false statement that he placed a board over the window was relevant and germane to the insurer's investigation as it was then proceeding. Whether there existed

easy access to the interior of the premises was highly relevant to Grange's investigation into whether the fire was accidental or an intentional act of arson. Thus, the requirement of materiality was satisfied. Although appellant claims that he lied only so that he would not be embarrassed by his inability to use tools, his motivation for lying is only relevant to one alternative definition of materiality. Pursuant to *Skeens*, false answers are material if they might have affected the attitude and action of the insurer or if they may be said to have been calculated either to discourage, mislead or deflect the company's investigation. *Id.* at ¶ 10. *Skeens* does not require that the statement satisfy both definitions to be material. Therefore, we find the trial court did not err when it found no issues of material fact remained as to whether appellant intentionally misrepresented a material fact when he lied to the Grange representative about placing a board over the broken window.

{¶ 14} The third material misrepresentation cited by the trial court was that appellant admitted he told his own fire investigator the wrong information about the location of the broken window at the rear of the property in order to motivate the investigator. In his deposition testimony, appellant testified that he hired his own certified fire investigator, Christopher Oiler, and he sent an e-mail to Oiler in which appellant claimed he hired a fire investigator from Battelle Institute to examine the premises. Although the e-mail is difficult to decipher due to syntax errors and lack of context, it appears that appellant was telling Oiler that appellant had identified the wrong window that had been broken previous to the fire. Appellant also told Oiler that the investigator from Battelle Institute gave an opinion about the burn pattern and the course the fire took.

{¶ 15} At his deposition, appellant admitted that he made up the story about the investigator from Battelle Institute to motivate Oiler to look "real hard." However, appellant argues that his e-mail to Oiler did not constitute a willful material misrepresentation because, although his statements to Oiler were false, they were not made to affect the attitude and action of Grange and were not meant to discourage, mislead, or deflect Grange's investigation. Appellant points out that Oiler was his own investigator, Oiler never prepared a report, and Grange never relied on Oiler's findings.

{¶ 16} We appreciate appellant's reasoning but must ultimately dismiss his argument. The insurance policy at issue provides that it is void for fraud if the insured

intentionally conceals or misrepresents a material fact concerning the covered property. Appellant here intentionally misrepresented facts when he told Oiler that he had hired another investigator who looked at the property and opined about the burn pattern and course of the fire. Although appellant protests that he made this misrepresentation to his own investigator and not Grange, and he never had Oiler prepare a report on his findings that Grange could review, we must examine the statement in the context of when it was made. Appellant's intention in making these blatantly false statements to Oiler was to affect his investigation, analysis, and opinions. Oiler's investigative findings would certainly be relevant and germane to Grange's investigation, might affect the attitude and action of Grange, and might mislead or deflect Grange's investigation. Even though Oiler ultimately did not prepare a report on his investigative findings, and Grange only learned of appellant's misrepresentations to Oiler later, the misrepresentations in the e-mail were, at the time, potentially material to the entire investigation, including Grange's investigation. For these reasons, we find the trial court did not err when it found appellant's intentional misrepresentations to Oiler were material.

{¶ 17} The fourth material misrepresentation cited by the trial court was that appellant admitted that the $405,000 replacement cost for the property he provided in the sworn affidavit attached to his proof of loss form was a "made up" figure. However, as we have already found the trial court did not err when it found appellant made two other material misrepresentations, we decline to address the fourth material misrepresentation.

{¶ 18} Therefore, although we have found that there remained genuine issues of material fact with regard to the first misrepresentation cited by the trial court, Grange was still entitled to summary judgment based on the second and third misrepresentations. For all of the foregoing reasons, appellant's assignment of error is overruled.

{¶ 19} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and LUPER SCHUSTER, J., concur.

_____