NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0071n.06

No. 19-3317

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 31, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| AMERICAN LAND INVESTMENT LTD., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| | ) | |
| ALLSTATE INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

**BEFORE:** **ROGERS, STRANCH, and THAPAR, Circuit Judges.**

**ROGERS, Circuit Judge.** American Land Investment (ALI) filed two insurance claims with Allstate Insurance Company (Allstate) for damage at its commercial properties in 2015. Allstate's extended investigation into the claims resulted in a substantial delay in payment to ALI. This led ALI to file suit against Allstate, alleging that Allstate breached the insurance contract and lacked good faith in handling ALI's claims under Ohio state law. In the midst of this suit, Allstate denied ALI's claims based in part on Allstate's determination that Duaine Liette, the sole member of ALI, concealed or misrepresented material facts relating to ALI's claims in breach of the insurance policy. Allstate accordingly moved for summary judgment based on this misrepresentation. Because Mr. Liette's misrepresentation contractually relieved Allstate of any potential obligation to pay for the claim, the district court properly granted summary judgment.

ALI owned four commercial properties in Sidney, Ohio that were insured under a policy issued by Allstate. Three of ALI's property units (221, 223, and 225 South Walnut Ave.) were

interconnected buildings and the fourth (227 South Walnut Ave.) was a separate building. On October 25, 2015, units 223, 225, and 227 South Walnut were vandalized. ALI promptly reported the loss to Allstate. ALI informed Allstate that vandals spray-painted the complex's roof and caused other damage. Allstate investigated the matter and paid part of the claim to ALI.

221 South Walnut was reportedly subsequently vandalized on November 19, 2015, and ALI filed another insurance claim with Allstate. ALI reported that vandals forcibly entered the building and cut interior loadbearing columns with a saw. These alleged vandals did not destroy any other property inside the building, such as cars and campers, that was being stored there, and did not steal anything—curiously, they only cut the columns with a saw. Allstate investigated this matter for a significant period of time.

Before Allstate reached a final decision on the claims, ALI filed suit in state court on October 20, 2016. ALI alleged that Allstate breached the insurance contract by failing to pay the amount due under the policy for both claims, alleged Allstate lacked good faith in its handling of both claims, and sought declaratory judgment as to how Allstate should disburse payments. Allstate removed the suit to federal court based on diversity jurisdiction.

On August 25, 2017, based on Allstate's continued investigation, it denied the remainder of ALI's first claim for the spray-painting loss and ALI's second claim for the saw-cutting loss. Regarding the spray-painting loss, Allstate determined that: (1) "the same or similar condition existed on the roof from a prior act of vandalism that remained unrepaired," (2) Mr. Liette concealed or misrepresented material facts and circumstances relating to ALI's claim, and (3) ALI "neglected to use all reasonable means to save and preserve the property from further damage at or after the time of loss." Regarding the saw-cutting loss, Allstate determined that: (1) the cutting of the columns occurred several weeks prior to the reported loss date of November 19, 2015, and

was done by Mr. Liette, or someone acting at his request, and therefore the claimed damages were not covered under the insurance policy's dishonest or criminal act exclusion; (2) the claimed vandalism did not occur as reported and was not a sudden and accidental loss, so it was not covered under the policy; (3) Mr. Liette concealed or misrepresented material facts and circumstances relating to ALI's claim; and (4) ALI "neglected to use all reasonable means to save and preserve the property from further damage at or after the time of loss." Allstate determined that Mr. Liette's concealments and misrepresentations voided the insurance policy pursuant to the policy's "Concealment, Misrepresentation or Fraud" provision. The "Concealment, Misrepresentation or Fraud" provision stated:

> This Coverage Part is void in case of fraud by you as it related to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
>    1. This Coverage Part;
>    2. The Covered Property;
>    3. Your interest in the Covered Property; or
>    4. A claim under this Coverage Part.

Allstate moved for summary judgment. In its summary judgment motion, Allstate argued that it did not breach the insurance contract or act in bad faith, as ALI's actions voided the insurance policy. Allstate asserted that ALI concealed or misrepresented material facts regarding (1) Mr. Liette's knowledge that a residential tenant, Mary Layman, was living at the commercial property at the time of the reported losses; (2) ALI's past insurance claims; and (3) Mr. Liette's knowledge of the conditions of the properties prior to the reported losses. The district court agreed. The court determined that Mr. Liette misrepresented facts regarding all of these matters and found that these misrepresentations were all material to Allstate's investigation. Accordingly, the district court concluded that Allstate was justified in denying ALI's claims based on the "Concealment,

Misrepresentation or Fraud" provision in Allstate's insurance policy and therefore granted summary judgment in favor of Allstate on ALI's breach of contract claim.[1]

Mr. Liette made a material misrepresentation regarding ALI's past insurance claims and this alone is sufficient to uphold judgement against ALI, as Allstate need only establish that Mr. Liette misrepresented one material issue during its investigation to void the contract. Mr. Liette testified during his examination under oath as part of Allstate's investigation of ALI's claims that ALI's properties were previously vandalized in September 2010. The buildings were spray-painted, and the brickwork and paint were scratched. Mr. Liette filed a claim with his insurance provider at the time, Nationwide, and stated that he received over $100,000 for estimated repair costs. Mr. Liette stated that he did all the repair work himself, using a power washer to attempt to wash off the paint, and kept the remainder of the insurance money for himself. In July 2011, ALI reported another spray-painting incident involving damage to the roof to Nationwide. According to Mr. Liette, Nationwide paid ALI around $50,000 or more for this claim. Mr. Liette testified that he originally contracted with Thomas Beaver to work on the roof, but Mr. Beaver "left [sic] everything go to pieces." Mr. Liette asserted that Mr. Beaver "didn't do his job right, and it rained and ruined my materials inside my building. It rained inside and ruined drywall and different material items." Mr. Liette recalled that his insurance at the time did not cover such damage so he sought coverage from Mr. Beaver's insurance company, United Ohio Insurance. According to Mr. Liette, the suit involving United Ohio Insurance was unsuccessful because United Ohio Insurance would not cover damage resulting from faulty workmanship. Ultimately, Mr. Liette stated that he did the work himself to "put [a] whole new roof on."

---

[1] The district court also granted summary judgment in favor of Allstate on ALI's claim that Allstate lacked good faith in handling ALI's claims under Ohio state law. ALI has not appealed this ruling.

Allstate obtained records regarding this matter as part of its investigation into ALI's 2015 claims. Allstate discovered that United Ohio Insurance had actually been the one to file suit against Mr. Liette and ALI for making a fraudulent insurance claim. According to United Ohio Insurance's complaint, ALI and Mr. Liette did not make any repairs to the roof following the 2010 vandalism incident until Mr. Liette contracted with Mr. Beaver in May 2011. The complaint alleged that following Mr. Beaver's commencement of work on the roof, ALI, acting through Mr. Liette, submitted a claim to United Ohio Insurance on June 17, 2011, for losses incurred from water damage originating from the roof. However, Mr. Liette withdrew the claim just days later, on June 20, 2011—the same day that Mr. Beaver applied for, and was granted, insurance coverage from United Ohio Insurance. Subsequently, Mr. Liette added ALI to Mr. Beaver's insurance policy, and on July 11, 2011, ALI submitted a claim to United Ohio Insurance for losses incurred from water and wind damage that reportedly occurred that same day. United Ohio Insurance's investigation of the claim showed that the claimed water damage existed for years prior to July 11, 2011. Further, Mr. Beaver testified during his examination under oath regarding that claim that he believed Mr. Liette intended to get Mr. Beaver's insurer to pay for pre-existing and long-standing issues, such as mold and leaks. Mr. Beaver testified that on the day the July 2011 insurance claim was made, Mr. Liette told him "we got to keep our stories straight you know. We got to be on the same page. You can't say one thing and me say another." United Ohio Insurance's suit against ALI and Mr. Liette resulted in a default judgment entered against ALI and Mr. Liette on March 19, 2012. In entering default judgment, the court found that ALI and Mr. Liette "intentionally misrepresented material facts" related to the insurance claim and concluded that ALI and Mr. Liette submitted a fraudulent claim.

Allstate asserted that the circumstances regarding ALI's 2011 insurance claim and the court's determination that ALI and Mr. Liette fraudulently submitted this claim were relevant to its investigation of the 2015 claims.

The district court did not err in concluding there was no genuine issue of material fact that ALI, through Mr. Liette, made a material misrepresentation calculated to mislead Allstate's investigation. Therefore, the district court did not err in granting summary judgment in favor of Allstate on ALI's breach of contract claim. Concealment, misrepresentation, and fraud clauses, such as the one in ALI's insurance policy with Allstate, are enforceable under Ohio law. *Hague v. Allstate Prop. & Cas. Ins. Co.*, No. 3:13 CV 2677, 2014 WL 5465841, at \*7 (N.D. Ohio Oct. 28, 2014). To void a contract, the misrepresentation must be material. *McCurdy v. Hanover Fire & Cas. Ins. Co.*, 964 F. Supp. 2d 863, 869–70 (N.D. Ohio 2013).

Mr. Liette's misrepresentation regarding ALI's 2011 insurance claim and subsequent lawsuit by United Ohio Insurance was material as a matter of law. The records that Allstate obtained regarding ALI's 2011 insurance claim to United Ohio Insurance demonstrate that Mr. Liette concealed and misrepresented the underlying facts regarding this claim and subsequent lawsuit. During Mr. Liette's first examination under oath, he asserted that his suit with United Ohio Insurance was unsuccessful because the insurance company would not cover damage resulting from faulty workmanship. Mr. Liette never disclosed that in reality United Ohio Insurance had sued him and ALI for making a fraudulent insurance claim. The court in United Ohio Insurance's suit entered a default judgment, finding that ALI and Mr. Liette "intentionally misrepresented material facts" related to the insurance claim and submitted a fraudulent claim. While ALI argues that Mr. Liette's supposed lack of recollection regarding "the specifics about the prior claims does not rise to the level of trying to deceive Allstate," Mr. Liette's alleged lack

of knowledge about the earlier proceeding is not believable. Mr. Liette is the sole member of ALI and was specifically named in the suit. Further, Mr. Liette admitted during his second examination under oath as part of Allstate's investigation that he had either sat for an examination under oath or a deposition in United Ohio Insurance's suit. His statements that he believed he had been the one to file suit against United Ohio Insurance and had no knowledge of United Ohio Insurance's allegations against him in that suit are not believable. This is one of the rare instances in which testimony should be rejected without a trial at the summary judgment stage because no reasonable person would believe it. *See Hanson v. Madison Cty. Det. Ctr.*, 736 F. App'x 521, 537 (6th Cir. 2018) (citing *Seshadri v. Kasraian*, 130 F.3d 798, 802 (7th Cir. 1997)). Accordingly, the evidence establishes that Mr. Liette concealed and misrepresented the true nature of the 2011 claim and United Ohio Insurance's lawsuit.

This misrepresentation was material. "A misrepresentation will be considered material if a reasonable insurance company, in determining its course of action, would attach importance to the fact misrepresented." *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 537 (6th Cir. 2014) (citation omitted). Ohio courts have further elaborated that "false answers are material if they might have affected the attitude and action of [the] insurer, and they are equally material if they may be said to have been calculated either to discourage, mislead, or deflect the company's investigation in any area that might seem to the company, at that time, a relevant or productive area to investigate." *Nationwide Mut. Ins. Co. v. Skeens*, No. 07-CA-29, 2008-Ohio-1875, 2008 WL 1759101, at *2, ¶ 10 (Ohio Ct. App. Apr. 18, 2008) (citation omitted). A reasonable insurance company would certainly take a great interest in the fact that an insured individual was previously sued for making a fraudulent insurance claim and found by a court to have intentionally misrepresented material facts related to an insurance claim and submitted a fraudulent claim. This

would especially be true if the current insurance claim was for the same property and similar damage involved in the previous fraudulent insurance claim, as was the case here. Accordingly, Mr. Liette's misrepresentation was calculated to mislead Allstate's investigation by attempting to hide the underlying facts regarding his 2011 claim and the results of the subsequent lawsuit by United Ohio Insurance, which were relevant matters for Allstate to investigate. *See id.* at ¶ 10.

There is no merit to ALI's contention in its brief that any misrepresentation by Mr. Liette was not material to the investigation because Allstate discovered the truth.[2] Materiality is judged at the time of the misrepresentation—not at a later time or at the time of trial. *Id.* at ¶ 10–11. Therefore, it is irrelevant to the question of whether a misrepresentation is material that an insurance company later discovered the truth during its investigation.

Further, ALI's comparison of Mr. Liette's testimony regarding the 2011 insurance claim to *Boyer v. Allstate Indem. Co.*, 127 F. Supp. 3d 802 (N.D. Ohio 2015), is unpersuasive. In *Boyer*, a fire destroyed a family's home. *Id.* at 803–04. In the course of investigating the cause of the fire and whether a member of the family intentionally caused the fire, the wife was asked about the status of her marriage. *Id.* at 805. Contrary to the wife's testimony that her marriage was fine and that she had never consulted with anyone about getting a divorce, the insurance company discovered that the wife was divorcing her husband and had requested a restraining order against him. *Id.* But the court did not find the wife's answers amounted as a matter of law to material misrepresentations because the wife also explained that she stayed with her husband after the fire, moving with him to his mother's home, and that she was working on her marriage before the fire. *Id.* at 809. The court appeared to view these statements as possibly ameliorating how misleading

---

[2] ALI appeared to concede during oral argument that claims history is material, and counsel stated that he was "not pushing" an argument regarding the materiality of this issue. The argument was however clearly articulated in ALI's brief.

the wife's other testimony was. The court accordingly concluded that the issue of whether the wife's statements amounted to material misrepresentations was an issue best left for the trier of fact because reasonable minds could differ. *Id.*

Contrary to ALI's assertion, *Boyer* is unquestionably not "exactly the same factual scenario" as this case. Here, Mr. Liette did not provide any statements that could be construed as mitigating his misrepresentations about the 2011 insurance claim and the results of the subsequent lawsuit by United Ohio Insurance. His sole excuse for these misleading statements is that he could not recall the specifics about the prior claim, but, as discussed above, no reasonable person would find this believable. Also, ALI's argument that the fact the insurance companies here and in *Boyer* both ultimately discovered the truth means that the misrepresentations were immaterial to the investigations is contrary to the law on material misrepresentations as explained above. Thus, this case bears little resemblance to *Boyer*.

The district court was correct to conclude that Mr. Liette's misrepresentation on this topic was material as a matter of law and to grant summary judgment in favor of Allstate on the breach of contract claim on this ground. Because this material misrepresentation is sufficient to grant summary judgment to Allstate, we do not need to discuss the other two alleged material misrepresentations.

For the reasons stated above, we affirm the judgment of the district court.