[Cite as *Erie Ins. Exchange v. Cotten*, 2017-Ohio-9.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | | JUDGES: |
| ERIE INSURANCE EXCHANGE, | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | Case No. 2016CA00132 |
| | : | |
| THOMAS W. COTTEN, ET AL | : | |
| | : | O P I N I O N |
| Defendant-Appellant | | |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
Common Pleas, Case No. 2014 CV 02684


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     January 3, 2017


APPEARANCES:

For Appellee Erie Insurance          For Appellant Pekin Insurance

KENNETH CALDERONE                SHAUN BYROADS
Hanna, Campbell & Powell, LLP      Kreiner & Peters Co., LPA
3737 Embassy Parkway, Ste. 100    Box 6599
Akron, OH 44333                   Cleveland, OH 44101

*Gwin, P.J.*

{¶1}　Appellant appeals the June 8, 2016 judgment entry of the Stark County Court of Common Pleas granting Erie's motion for summary judgment.

*Facts & Procedural History*

{¶2}　On February 15, 2014, an explosion and fire leveled a detached garage located on a residential property in Hartville, Ohio that was owned by Thomas and Kimberly Cotten.　The home was insured by appellee Erie Insurance Company ("Erie").　Cotten was in the structure at the time and was seriously injured as a result.　The Hartville Police Department, Hartville Fire Department, Stark County Sheriff's Office, and federal investigators from the Bureau of Alcohol Tobacco and Firearms responded to the scene.　In addition, as firefighters were putting out "hot spots" to prevent further explosions, Brian Peterman ("Peterman"), a fire investigator for the State of Ohio Division of State Fire Marshall's Office, arrived at the location.　As they worked in the debris, the responders and investigators noticed chemicals, tubing, and other items used to manufacture explosive devices.　The Summit County Bomb Squad subsequently took possession of some of the discovered items.

{¶3}　On February 18, 2014, Brian Churchwell ("Churchwell") of Churchwell Fire Consultants, who had been tasked by Erie to investigate the explosion in relation to potential insurance claims, entered onto the property with consent of Cotten's wife. Churchwell prepared a report of his findings and Peterman drafted a supplemental report on the incident.　Peterman concluded that "the use of dangerous chemicals consistent with manufacturing of fireworks and explosives contributed to the cause of the explosion" and that, based on his education, training, and experience, "the illegal assembly and

possession of chemicals and substances for manufacturing fireworks and explosives created a substantial risk of serious physical harm."

**{¶4}** In Churchwell's report and affidavit, he states that, at the scene, he "found numerous items consistent with the manufacturing and handling of fireworks or similar explosive devices and materials." Churchwell opined that, "it is my opinion to a reasonable degree of certainty that the presence of explosive, firework-related materials at the Cottens' premises contributed to the explosion and fire on February 15, 2014. The presence of those fireworks materials substantially increased the risk of a hazardous event, including the explosion and the fire that occurred."

**{¶5}** Audice Barnette, a resident living near the home of the Cottens', submitted an affidavit stating after the initial explosion, she heard additional explosions and firecrackers.

**{¶6}** On August 25, 2014, Cotten was indicted on one count of manufacturing or processing explosives in violation of R.C. 2923.17(B), a felony of the second degree, and one count of inducing panic in violation of R.C. 2917.31(A)(3)(C)(3), a felony of the fourth degree. Cotten entered pleas of "no contest" to both charges in 2015. The trial court thus found Cotten guilty of the charges and sentenced Cotton to five (5) years of community control. This conviction and sentence was upheld on appeal in *State v. Cotten,* 5th Dist. Stark No. 2015 CA 00094, 2015-Ohio-5405.

**{¶7}** On November 20, 2014, Erie filed a complaint for declaratory judgment against Thomas and Kimberly Cotten as to whether Erie owed coverage for the Cottens' claimed property loss. The Erie policy contained a provision providing, "this entire policy is void if before or after a loss you or anyone we protect has intentionally concealed or

misrepresented any material fact or circumstance concerning this insurance." After the Cottens filed an answer to the complaint, Erie filed a motion for partial summary judgment as to whether it was entitled to a declaration that it owed no coverage for the Cottens' first-party property damage claim arising from the explosion and fire. The Cottens did not respond to Erie's motion for summary judgment.

{¶8} On August 4, 2015, the trial court granted Erie's motion for summary judgment, finding no coverage exists under the Erie policies as to the Cottens' first-party property damage claims. The trial court found the large quantities of explosives and other materials suitable for manufacturing fireworks that Cotten purchased, received, and maintained in his garage substantially increased the risk of a hazardous event, i.e., the explosion and fire that occurred on February 15, 204, thus voiding coverage for property damage under the subject policies. Further, that Cotten made material misrepresentations about his purchase and use of the firework materials, which violated the policy conditions and voided coverage.

{¶9} On May 4, 2015, appellant Pekin Insurance ("Pekin") filed a subrogation lawsuit against Cotten. Pekin alleged it insured neighboring homeowner Keith Perrin ("Perrin") and that Perrin's house was damaged by the explosion. Pekin paid $81,575.04 to Perrin. Pekin alleged Cotten was negligent and thus liable for the monies Pekin paid to Perrin. This case was consolidated with the case Erie filed against the Cottens.

{¶10} On October 27, 2015, Erie filed an amended complaint, seeking a declaratory judgment that Erie owes no duty to defend or indemnify Cotten with respect to Pekin's claims. Pekin filed an answer and counterclaim, arguing the Erie policy provides coverage to the Cotten so that Pekin may be paid by Erie the $81,575.04 it paid

Perrin. Erie filed a motion for summary judgment and Pekin filed a cross-motion for summary judgment.

{¶11} The trial court issued a judgment entry on June 8, 2016 granting Erie's motion for summary judgment. The court found there was overwhelming evidence and inconsistent statements made by Cotten that demonstrate Cotten intentionally concealed or misrepresented facts material to the investigation. First, the trial court found that while Cotten denied manufacturing fireworks in his sworn statement and deposition, the Ohio Fire Marshal found evidence of numerous explosive chemicals used for manufacturing fireworks and the bomb squad found un-exploded homemade fireworks. The trial court specifically cited to the conclusion of the Ohio Fire Marshall that Cotten's illegal assembly and possession of chemicals and substances for manufacturing fireworks created a substantial risk of serious physical harm. The trial court also specifically cited the conclusion of Erie's expert that the explosion likely resulted from the presence of aluminum powder and other materials which were utilized in the manufacturing of fireworks. Further, that Cotten made numerous purchases from websites selling materials for making fireworks, including a book on how to make fireworks. Thus, the trial court found Cotten's denials that he was making fireworks to be a material misrepresentation.

{¶12} The trial court also found Cotten made other intentional misrepresentations during the investigation that were material to the investigation and determination of coverage by Erie, including: Cotten's initial testimony was that he bought firework fuses to give to a friend, however, he later stated he bought them to sell to a local gunsmith and used some to make rockets for himself; Cotten initially testified he purchased bags of

aluminum powder to sell at gun shows, but later testified he bought and sold it for a friend; Cotten first testified cardboard tubes were premade fireworks purchased from Wholesale Fireworks and he only had 10-12 of them, he then admitted he bought the tubes online; Cotten initially denied selling other items at gun shows, but then testified he sold other items at a gun show; and Cotten could not explain the large amount of money ($28,418) in his bank account in the several months prior to the explosion.

{¶13} The trial court found Cotten violated the policy conditions and voided coverage under the Erie policy. Thus, Pekin is not entitled to coverage for its third-party subrogation claim.

{¶14} Additionally, the trial court found the coverage was voided under the "increased hazard" clause that provides that, "unless we agree beforehand, coverage is suspended if the hazard is substantially increased by any means within the control or knowledge of anyone we protect."

{¶15} The trial court granted Erie's motion for summary judgment and found no coverage exists under the Erie policies as to Pekin's third-party subrogation claim. Pekin appeals the June 8, 2016 judgment entry of the Stark County Court of Common Pleas and assigns the following as error:

{¶16} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THOMAS COTTEN MADE "INTENTIONAL MISREPRESENTATIONS" AND VOIDING COVERAGE FOR PEKIN'S INNOCENT THIRD PARTY LIABILITY CLAIMS.

{¶17} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THE 'INCREASED HAZARD PROVISION' FROM THE FIRST PARTY SECTION OF

THE ERIE POLICY APPLIES AND SUSPENDS COVERAGE FOR PEKIN'S INNOCENT THIRD PARTY CLAIM."

*Summary Judgment*

**{¶18}** Civ.R. 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**{¶19}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland*

*Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶20} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶21} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

{¶22} The Erie policy at issue in this case contains a provision that expressly voids the policy in the case of an intentional concealment or misrepresentation of any material fact or circumstance concerning the insurance. This provision provides as follows, "this entire policy is void if before or after a loss you or anyone we protect has intentionally concealed or misrepresented any material fact or circumstance concerning this insurance." The question in this assignment of error is whether Cotten made

representations during the claims investigation process that justified voiding the Erie policy. Erie contends Cotten's material misrepresentations include the denial of manufacturing fireworks and the numerous misrepresentations he made to Erie about what he was buying and what he was doing with his purchases, such as fuses, aluminum powder, cardboard tubes, and gun show sales.

{¶23} The materiality of a misrepresentation is a mixed question of law and fact that, under most circumstances, should be determined by the trier of fact. *Abon, Ltd. V. Transcontinental Ins. Co.*, 5th Dist. Richland No. 2004-CA-0029, 2005-Ohio-3052. However, materiality "can be decided as a matter of law if reasonable minds could not differ on the question." *Id.,* citing *Long v. Insurance Co. of N. Am.*, 670 F.2d 930 (10th Cir. 1982).

{¶24} "A misrepresentation will be considered material if a reasonable insurance company, in determining its course of action, would attach importance to the fact misrepresented." *Id.* Most courts have construed materiality broadly, emphasizing that the subject of the misrepresentation need not ultimately prove to be significant to the disposition of the claim, so long as it was reasonably relevant to the insurer's investigation at the time. *Id.*, citing *Fine v. Bellefonte Underwriters Ins. Co.*, 725 F.2d 179 (2nd Cir. 1984).

{¶25} A false sworn answer is material if it "may be said to have been calculated either to discourage, mislead, or deflect the company's investigation in any area that might seem to the company, at that time, a relevant or productive area to investigate." *Id.* Quoting *Dadurian v. Underwriters at Lloyd's, London*, 787 F.2d 256 (1st Cir. 1986). Stated another way, a misrepresentation is material when it pertains to a fact "that

significantly affects the rights or obligations of the insurer." *Parker v. State Farm Fire Cas.*, N.D. Ohio No. C87-2683, 1988 WL 1058394 (Nov. 4, 1988). Since the purpose of requiring answers to questions is to protect the insurer against false claims, the materiality of false answers should be judged at the time of the misrepresentation. *Freeland v. Grange Mutual Cas. Co.*, 10th Dist. Franklin No. 14AP-206, 2014 WL 5867039. A condition of the Erie policy in this case requires Cotten's cooperation in the investigation or handling of a loss and in the case of the loss. Pursuant to the policy, Cotten was required to submit to statements and examinations under oath and cooperate with Erie in their investigation of the loss.

**{¶26}** Pekin argues that Cotten's denial of manufacturing fireworks is not a material misrepresentation because Cotten never admitted or made any contradictory statements about manufacturing fireworks and there is no evidence from any outside sources showing Cotten was lying about manufacturing fireworks. Pekin contends since Cotten answered all the questions Erie asked and he never admitted to lying, there was no material misrepresentation. However, the mere fact that Cotten answered Erie's questions and did not admit to manufacturing fireworks does not mean he did not make a material misrepresentation given the evidence presented by Erie.

**{¶27}** Responders to the scene noted chemicals, tubing, and other items used to manufacture explosive devices. They also found un-exploded, homemade fireworks. Peterman, from the Ohio Fire Marshal's office, found evidence at the scene of chemicals used for making fireworks; concluded the use of dangerous chemicals consistent with the manufacturing of fireworks and explosives contributed to the cause of the explosion; and found the illegal assembly and possession of chemicals and substances for

manufacturing fireworks and explosives created a substantial risk of serious physical harm. Churchwell stated in his report that he found numerous items consistent with the manufacturing and handling of fireworks and opined that the presence of explosive, firework-related materials at the Cottens' premises contributed to the explosion and fire on February 15, 2014. Cotten testified during his deposition that he made various purchases from websites selling materials for making fireworks such as Skylighter, Inc. and pyrocreations.com. Cotten also confirmed he purchased a book about the introduction to the practice of pyrotechnics.

**{¶28}** Based upon the evidence presented, reasonable minds could only arrive at the conclusion that, in response to specific inquiries by Erie, Cotten misrepresented whether he was manufacturing fireworks. Misrepresentations regarding whether Cotten was manufacturing fireworks pertain to the material matter as it significantly affects the rights or obligations of Erie as it affects whether the loss is covered. Further, whether Cotten was manufacturing fireworks is something a reasonable insurance company would attach importance to in determining coverage under its policy, and its exposure to other claims, including subrogation claims. See *Parker v. State Farm Fire Cas.*, N.D. Ohio No. C87-2683, 1988 WL 1058394 (Nov. 4, 1988); *Nationwide Mut. Ins. Co. v. Skeens*, 2nd Dist. Miami No. 07-CA-29, 2008-Ohio-1875.

**{¶29}** Additionally, Cotten made other misrepresentations regarding whether he bought firework materials, how much and what he bought, what he used the materials for, and where or how much he sold them. Cotten first stated he purchased a few hundred feet of fuse to use with his friend's homemade cannon; then he stated at his deposition that he acquired most of the fuse to sell at cost to a local gunsmith and used some of it

to make rockets for himself. In his sworn statement, Cotten stated the numerous cardboard tubes found at the scene were premade fireworks he purchased from Wholesale Fireworks in Youngstown and he only had 10-12 of them; however, at his deposition when he was presented with evidence of purchases from online sellers, he stated he bought them online and sold the tubes to a gunsmith. Cotten initially testified he purchased bags of aluminum powder to sell at gun shows, but later testified he bought and sold it for a friend. Cotten initially denied selling other items at gun shows, but then testified he sold other items at a gun show.

{¶30} Cotten's testimony about what he was buying, what he was using it for, and where he was selling it were material, as a reasonable insurance company would attach importance to these facts. These facts were relevant to the policy's increased-hazard condition, Erie's potential exposure to liability claims, and possible subrogation claims. Reasonable minds could come to no other conclusion but that the total effect of Cotten's changing testimony and omissions constitutes material misrepresentations.

{¶31} Accordingly, we find the trial court did not err in granting Erie's motion for summary judgment and in finding no coverage exists under the Erie policies as to Pekin's third-party subrogation claim based upon the provision in the Erie policy that expressly voids the policy in the case of an intentional misrepresentation of any material fact or circumstance concerning the insurance. Appellant's first assignment of error is overruled.

II.

{¶32} In their second assignment of error, Pekin argues the trial court erred in applying the increased hazard provision to deny coverage. Contained within the "rights and duties" clause of Section 1 of the Erie policy, the Property Protection section, is an

increased hazard provision.  The provision provides that, "unless we agree beforehand, coverage is suspended if the hazard is substantially increased by any means within the control or knowledge of anyone we protect."  Section 2 of the Erie policy is the Home and Liability Protection section.  The "rights and duties" clause in Section 1 of the policy does not contain the increased hazard provision.

{¶33}  Pekin contends since the increased hazard clause is not contained in Section 2, the clause only applies to first party coverage, not to liability coverage.  Erie concedes the increased hazard clause only applies to first party coverage, not to liability coverage.  However, based upon our disposition of Pekin's first assignment of error, we find their second assignment of error moot.

{¶34}  Based on the foregoing, we overrule appellant's first assignment of error and find appellant's second assignment of error moot.  The June 8, 2016 judgment entry of the Stark County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur