[Cite as *Grange Indemn. Ins. Co. v. Harden*, 2025-Ohio-4579.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

GRANGE INDEMNITY INSURANCE COMPANY,

Plaintiff-Appellee,

v.

RAYSHEEN HARDEN ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 25 MA 0018, 25 MA 0019**

---

Civil Appeals from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2022 CV 00927

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. James R. Gallagher*, Gallagher, Gams, Tallan, Barnes & Littrell LLP, for Plaintiff-Appellee Grange Indemnity Insurance Company and

*Atty. Henry D. Acciani*, O'Connor, Acciani & Levy, L.P.A., for Defendants-Appellants Shalita Cottle and Sarenda Whitted and

*Atty. David M. Tschantz*, for Defendants-Appellants Lazaynah Smith and Latarka Jackson.

Dated: October 1, 2025

**HANNI, J.**

{¶1}    Defendants-Appellants, Shalita Cottle and Sarenda Whitted (Cottle and Whitted), along with Defendants-Appellants, Lazaynah Smith and Lataraka Jackson (Smith and Jackson), appeal from a Mahoning County Common Pleas Court judgment granting a declaratory judgment in favor of Plaintiff-Appellee, Grange Indemnity Insurance Company (Grange), finding that Grange had no duty to provide liability coverage to Ayodele Johnson under a policy owned by Raysheen Harden.  Cottle and Whitted and Smith and Jackson (collectively the "Injured Defendants") claim the trial court erred in determining that Harden's misrepresentation to Grange that her vehicle (the Vehicle) had been stolen voided the liability coverage otherwise owed to Johnson.

{¶2}    The parties stipulated to the trial court deciding all factual and legal issues. They submitted the matter to the court on their briefs and the evidence in the record.  The trial court found that two possible factual scenarios existed:  (1) the Vehicle Johnson was driving at the time of the accident was stolen from Harden or (2) Harden gave Johnson consent to drive the Vehicle.  The court then determined that it need not decide which of the two factual scenarios actually occurred because under either one, coverage would not be owed to Johnson under Harden's policy.  But the trial court should have made a factual determination based on the evidence before it.  If the Vehicle was stolen, it is clear there was no coverage.  However, if Johnson operated the Vehicle with Harden's consent, there was coverage.  Therefore, we must remand this case for the trial court to make a determination as to the facts of this case.  Based on the factual decision, the court must then move to the determination of coverage.

{¶3}    Pursuant to stipulation by the parties:

Raysheen Harden was the owner of a 2021 Dodge Charger (the subject vehicle).

Grange had issued a policy of automobile insurance to Raysheen Harden (Policy No. . . .) that covered the subject vehicle with liability limits of Three Hundred Thousand Dollars for "each accident", and One Hundred Thousand Dollars maximum for "each person". [(the Policy)]

Case Nos. 25 MA 0018, 25 MA 0019

On July 3, 2021 Ayodele Johnson was operating the subject vehicle on Roemer Boulevard in Farrell[,] Pennsylvania and caused an accident when he lost control of the subject vehicle and crashed into a car parked on Roemer Boulevard, causing that parked car to crash into a second parked car (the subject accident).

The four Injured Defendants [Smith, Jackson, Cottle, Whitted] were between the two parked cars and were caught between them when the subject vehicle caused the first parked car to crash into the second parked car. All four Injured Defendants suffered immediate and significant injuries from that accident.

{¶4} Harden initially reported that the Vehicle had been stolen to the Youngstown Police Department. In a recorded statement to Grange on July 6, 2021, Harden again stated that the Vehicle had been stolen. During a recorded interview with Grange also on July 6, Harden stated that the Vehicle had been stolen from her driveway in Youngstown, Ohio.

{¶5} On July 9, 2021, the City of Farrell Police Department contacted Grange advising that the Vehicle may not have been stolen, informing Grange that Johnson (who was operating the Vehicle at the time of the accident) was Harden's boyfriend.

{¶6} As to who is an "insured", the Policy provides:

**PART A – LIABILITY COVERAGE**

**Insuring Agreement**

**A.** Part A – Liability Coverage is provided where a premium is shown on the Declarations Page for the vehicle and coverage . . . if **you** pay the premium when due, **we** will pay compensatory damages for **bodily injury** or **property damage** for which any insured becomes legally responsible because of an auto accident. . . **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages.

. . .

**B. 1.** "**Insured**" as used in this Part A – Liability Coverage means:

Case Nos. 25 MA 0018, 25 MA 0019

**a. You**, a family member, or a driver listed on the Rating Information Page for the ownership, maintenance or use of any auto or **trailer**. . . .

**b.** Any person, other than a person defined in **B.1.a.** of this definition, who is using **your covered auto** or a **trailer** covered under this Part A – Liability Coverage, and is not insured for vehicle liability coverage by any other insurance policy, a self-insurance program, or a liability bond.

This definition, **B.1.b.**, applies only if this person is using **your covered auto** or a **trailer** covered under this Part – A Liability Coverage, *within the scope of **your** consent or the consent of any **family member**, or the consent of a driver listed on the Rating Information Page*.

(Bold sic; Italics added).

{¶7}    Harden is the named insured and the Vehicle is the vehicle listed on the declarations page.  Thus under these terms, if Johnson was operating the Vehicle within the scope of Harden's consent, he would be an "insured" pursuant to the terms of the Policy.  But if he was not operating the Vehicle within the scope of Harden's consent (if he stole the Vehicle), he would not be an "insured."

{¶8}    Additionally, as to fraud and misrepresentations made to Grange, the Policy provides the following:

**PART F – GENERAL PROVISIONS**

. . .

**K.  Misrepresentations, Warranties and Fraud**

. . .

**2.**  Following an accident or loss, **we** may deny coverage under this policy, or, at **our** election, assert any other remedy available under applicable law, if **you**, an **insured**, a **family member**, a resident in **your** household, or any person seeking coverage under this policy:

**a.** Made incorrect statements or warranties to **us** with regard to any material fact or circumstances;

**b.** Concealed or misrepresented any material fact or circumstances; or

**c.** Engaged in fraudulent conduct;

In connection with any accident or loss for which coverage is sought.

. . .

If **we** deny coverage, as permitted by provision **K.2**., **we** will not be liable for any claim that would otherwise be covered.

(Misrepresentation Provision) (Bold sic).

**{¶9}** There is a question of fact in this case as to whether Harden misrepresented to Grange that the Vehicle was stolen. If Harden made a material misrepresentation to Grange that the Vehicle was stolen, the question then arises as to whether Harden's misrepresentation allows Grange to deny coverage to Johnson under the above Misrepresentation Provision.

**{¶10}** Grange filed a declaratory judgment complaint on May 31, 2022, against Harden, Johnson, and the Injured Defendants, seeking a declaration that it had no duty or obligation to provide coverage, to defend, or to indemnify Harden or Johnson for any claims arising out of the accident. It asserted either there was no coverage for Johnson because he operated the Vehicle without Harden's consent or there was no coverage for Johnson because Harden misrepresented to Grange that Johnson had stolen the Vehicle.

**{¶11}** Cottle and Whitted filed an answer, a cross-claim against Harden and Johnson, and a counterclaim against Grange. Likewise, Smith and Jackson filed an answer, a cross-claim against Harden and Jackson, and a counterclaim against Grange.

**{¶12}** On August 31, 2022, Harden entered a no contest plea to an obstruction of justice charge. A charge of falsification was dismissed. When asked about these charges during her deposition, Harden asserted her Fifth Amendment right against self-incrimination. (Harden depo. 17, 24-26, 49).

**{¶13}** On January 5, 2024, Grange filed a motion for summary judgment on its complaint for declaratory judgment. It asserted the Vehicle was stolen at the time of the

Case Nos. 25 MA 0018, 25 MA 0019

accident, thus no coverage was owed. Alternatively, it asserted that if the Vehicle was not stolen at the time of the accident, it still owed no coverage because Harden made a material misrepresentation as to the Vehicle being stolen.

**{¶14}** On June 18, 2024, the parties participated in a conference with the magistrate. The parties agreed that the case would be resolved based on the briefs submitted by the parties and a briefing schedule was set. The parties' stipulation was filed on June 27, 2024. In relevant part, the parties' agreement provided:

1. Grange agreed to withdraw its motion for summary judgment.
2. The parties agreed to forego a trial on the issue of damages and stipulated that the damages in the aggregate for all four defendants exceed the $300,000 policy limit. They agreed to set damages at $300,000 as if judgment were granted in favor of the Injured Defendants as to Johnson.
3. The Injured Defendants agreed to dismiss their claims against Harden and Johnson without prejudice. The dismissal entries will recite that the court retains jurisdiction over Harden and Johnson as necessary to enforce this agreement. The matter will proceed solely between Grange and the Injured Defendants.
4. The parties agreed to, and obtained the court's approval to, "fully and finally submit the dispute between them to the court on written briefs."
5. The parties agreed to reserve the right to appeal.
6. The parties agreed that upon the expiration of all appeals, if the final order finds that Grange is not obligated to pay the Injured Defendants' damages, Grange will make no payments and a dismissal of all claims against Harden and Johnson shall be filed with prejudice.

**{¶15}** In accordance with the parties' agreement, Grange withdrew its motion for summary judgment. It stated that pursuant to an agreement between it and the Injured Defendants, the issues pertaining to its legal obligations "will be determined upon briefs submitted by these parties."

{¶16} Consistent with the stipulations, the Injured Defendants dismissed their cross-claims against Johnson and Harden on June 18, 2024.

{¶17} On November 7, 2024, the trial court entered an order identifying the dispositive issue to be decided, which had been briefed by the parties. The court determined the dispositive issue to be, "Whether Defendant Ayodele Johnson is entitled to liability coverage under the Grange Policy." It instructed the parties to submit briefs on this issue.

{¶18} The trial court then issued its decision on February 4, 2025. The court noted that the parties had identified two alternative factual scenarios for it to consider: either (1) the Vehicle was stolen at the time of the accident as represented by Harden; or (2) the Vehicle was being operated by Johnson with Harden's consent at the time of the accident. The court stated that it did not need to determine which scenario actually occurred because, under either scenario, Johnson was not entitled to coverage by Grange.

{¶19} Under the first scenario, the trial court found there was no liability coverage for Johnson if he did not have permission to operate the Vehicle. It noted that Harden had submitted a theft claim to Grange where she reported the Vehicle stolen. She also reported the Vehicle stolen to the Youngstown Police Department. The court found the Policy unambiguously provides that Johnson would not qualify as an insured for liability coverage unless he was operating the Vehicle with Harden's permission.

{¶20} Under the second scenario, the court found that even if Harden had given Johnson consent to operate the Vehicle, there was still no coverage for Johnson because Harden's misrepresentations to Grange that the Vehicle had been stolen would violate the Policy's Misrepresentation Provision.

{¶21} Thus, the trial court entered a declaratory judgment that Johnson was not entitled to coverage under the Policy and Grange was not obligated to defend and/or indemnify Johnson for the claims asserted against him by the Injured Defendants.

{¶22} Cottle and Whitted filed their timely notice of appeal on February 27, 2025. Smith and Jackson filed their timely notice of appeal on February 28, 2025. This Court consolidated the two appeals.

{¶23} Initially, we must point out that the Injured Defendants assert that the trial court erred in granting Grange's motion for summary judgment. But the trial court did not grant Grange's motion for summary judgment. In fact, there was no motion for summary judgment pending when the trial court entered judgment.

{¶24} On January 5, 2024, Grange filed a motion for summary judgment. But in June 2024, the parties participated in a conference with the magistrate. They agreed that the case would be resolved based on the briefs submitted by the parties. A briefing schedule was set. The parties filed a stipulation with the court memorializing the terms of their agreement. Per the parties' stipulation, Grange agreed to withdraw its motion for summary judgment and the parties agreed to, and obtained the court's approval to, "fully and finally submit the dispute between them to the court on written briefs." In accordance with the parties' agreement, Grange withdrew its motion for summary judgment.

{¶25} Thus, while the trial court did issue a declaratory judgment finding that Grange was not obligated to defend and/or indemnify Johnson for the claims asserted against him by the Injured Defendants, it did not grant summary judgment as the Injured Defendants assert.

{¶26} In an action seeking declaratory judgment, legal questions are subject to a de novo standard of review. *Paulus v. Beck Energy Corporation*, 2017-Ohio-5716, ¶ 15 (7th Dist.) citing *Arnott v. Arnott*, 2012-Ohio-3208. But where the final decision involves factual issues, R.C. 2721.10 provides: "that issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the action or proceeding is pending." *Id*.

{¶27} We turn now to the assignments of error.

{¶28} Cottle and Whitted raise one assignment of error. It states:

THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT FINDING THAT PLAINTIFF-APPELLEE HAD NO DUTY TO PROVIDE COVERAGE TO JOHNSON, FOR THE DAMAGES CAUSED TO THE FOUR INJURED DEFENDANTS.

{¶29} Smith and Jackson also raise one assignment of error that states:

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES.

{¶30} The Injured Defendants make very similar arguments, thus we will address their assignments of error together.

{¶31} Cottle and Whitted argue that a genuine issue of material fact exists – whether Johnson had permission to operate the Vehicle. They go on to argue that if Johnson was a permissive driver, then he would have been an insured under the Policy. They assert that as a permissive driver, Johnson's status as an insured could not be taken away by Harden's actions.

{¶32} Cottle and Whitted further assert Grange was required to show that Harden's misrepresentation was material to Grange's claim handling and that it suffered prejudice as a result. They argue Grange incorrectly made the issue here whether it could avoid liability simply based on Harden's misrepresentation. They claim that Grange knew within 72 hours that Harden's statement that the Vehicle was stolen might be false and, therefore, Grange suffered no prejudice. They also point out that Grange later learned Harden had been charged with falsification and obstruction. Cottle and Whitted go on to argue that the cases cited by Grange and relied on by the trial court are distinguishable from this case because in those cases the party who lied to the insurance company was also the party trying to collect on the policy, which is not the case here.

{¶33} Smith and Jackson argue that the meaning of the Misrepresentation Provision is that coverage would be denied for any claim that would otherwise be covered *if the misrepresentation were true*. In other words, they assert, Grange is not liable for any claim that could be made if the Vehicle had actually been stolen. They claim the cases cited by Grange are all distinguishable because they involve denials of coverage where the misstatement is made by the insured who is seeking coverage.

{¶34} Smith and Jackson go on to assert that the purpose of fraud and misrepresentation provisions is to prevent insurance companies from having to pay on fraudulent claims, not to "weaponize" a misrepresentation of an insured to use as an excuse for paying an otherwise valid claim. They point out that they do not have a false claim against Johnson, nor has Johnson made a misrepresentation to Grange.

**{¶35}** Next, they claim the trial court should have determined that the misrepresentation here was not material because it did not prejudice Grange. In support, they cite to *Erie Ins. Co. v. Maxwell*, 1999 WL 771726 (9th Dist. Sept. 29, 1999), where the insureds initially misrepresented to the insurance company that their car had been stolen when it had not, but had been in an accident. The Ninth District found the insurance company was still obligated to provide coverage stating: "Erie has failed to demonstrate that the misrepresentation made by the Maxwells was material. No evidence was presented to show that the initial misrepresentation in any way hampered Erie's investigation of the claim." *Id*. at *4. Smith and Jackson argue the same reasoning applies here.

**{¶36}** In response, Grange argues that Harden's misrepresentation was material to its investigation. And because Harden misrepresented the material fact that the Vehicle was stolen, it claims the trial court correctly determined it did not owe coverage to Johnson pursuant to the Misrepresentation Provision. It cites us to the Fifth District's explanation of "material misrepresentation":

> "A misrepresentation will be considered material if a reasonable insurance company, in determining its course of action, would attach importance to the fact misrepresented." *Id*. [*Long v. Ins. Co. of N. America*, 670 F.2d 930, 934 (10th Cir. 1982).] Most courts have construed materiality broadly, emphasizing that the subject of the misrepresentation need not ultimately prove to be significant to the disposition of the claim, so long as it was reasonably relevant to the insurer's investigation at the time. *Id*., citing *Fine v. Bellefonte Underwriters Ins. Co*., 725 F.2d 179 (2nd Cir.1984).

> A false sworn answer is material if it "may be said to have been calculated either to discourage, mislead, or deflect the company's investigation in any area that might seem to the company, at that time, a relevant or productive area to investigate." *Id*. Quoting *Dadurian v. Underwriters at Lloyd's, London*, 787 F.2d 256 (1st Cir.1986). Stated another way, a misrepresentation is material when it pertains to a fact "that significantly affects the rights or obligations of the insurer." *Parker v. State*

*Farm Fire Cas.*, N.D. Ohio No. C87–2683, 1988 WL 1058394 (Nov. 4, 1988). Since the purpose of requiring answers to questions is to protect the insurer against false claims, the materiality of false answers should be judged at the time of the misrepresentation. *Freeland v. Grange Mutual Cas. Co.*, 10th Dist. Franklin No. 14AP–206, 2014 WL 5867039.

*Erie Ins. Exchange v. Cotten*, 2017-Ohio-9, ¶ 24-25 (5th Dist.).

**{¶37}** Grange argues it is irrelevant whether an insurance company subsequently discovers the truth or whether the misrepresentation is important to the disposition of the claim.

**{¶38}** The Policy provides that an "insured" includes, among others, "you" or any person "who is using **your covered auto** . . . within the scope of your consent."  So if Johnson was using Harden's covered auto (the Vehicle) within the scope of Johnson's consent, then he is an insured under the terms of the Policy.  The parties agree that if the Vehicle was stolen, then Johnson was not an insured and no coverage is owed.

**{¶39}** The Misrepresentation Provision provides that Grange may deny coverage under the Policy if "**you**, an **insured** . . . or any person seeking coverage . . . [m]ade incorrect statements . . . to **us** with regard to any material fact or circumstances . . . [c]oncealed or misrepresented any material fact or circumstances; or engaged in fraudulent conduct; [i]n connection with any accident or loss for which coverage is sought."  The Misrepresentation Provision further provides that "If we deny coverage [under this provision] . . . we will not be liable for any claim that would otherwise be covered."

**{¶40}** In this case, the misrepresentation allegedly made by Harden was that the Vehicle was stolen.  If this statement were true, Harden would be the insured asserting claims under the Policy stemming from the theft of her Vehicle.  But this is not the case here.  Instead, Johnson is the insured.  Johnson has not made any misrepresentations.  And the claim here is for injuries sustained by the Injured Defendants.

**{¶41}** If we were to construe the Misrepresentation Provision as Grange encourages us to do, then the person to whom the policy was issued ("you", in this case Harden) could intentionally misrepresent a fact to Grange with the purpose of voiding coverage for someone who would otherwise be an insured under the policy (Johnson in

this case). Harden's interest here as the Policy holder/owner of the Vehicle is in contrast with Johnson's interest as an insured under the Policy.

**{¶42}** Assuming the Vehicle was not stolen, Johnson was an insured under the Policy. He was an insured when he was operating the Vehicle. He was an insured when the accident occurred. His status as an insured could not later be taken away by Harden's alleged misrepresentation.

**{¶43}** The purpose of fraud and misrepresentation provisions is to protect insurance companies against false claims. *Freeland v. Grange Mut. Cas. Co.*, 2014-Ohio-5044, ¶ 7 (10th Dist.). There is no false claim at issue here. If the Vehicle was stolen, there is no viable claim. If instead Johnson was operating the Vehicle with Harden's consent, Johnson was an insured and was owed coverage by Grange. Grange is attempting to use the Misrepresentation Provision not to prevent it from paying a fraudulent claim (for which the provision was intended) but instead as a basis for denying an otherwise valid claim. Johnson has not been accused of making a false misrepresentation or a false claim.

**{¶44}** The cases cited by Grange on this point are distinguishable on their facts because they involve situations when the insurance company denied coverage where the misrepresentation was made by the insured who seeks coverage. *See Erie Ins. Exchange v. Cotten*, 2017-Ohio-9 (5th Dist.) (insured who was seeking damages from fire denied making fireworks in his garage); *Freeland v. Grange Mut. Cas. Co.*, 2014-Ohio-5044 (10th Dist.) (insured who was making claim lied about broken window, which was relevant to determination of whether fire was intentional); *Alexander v. State Farm Fire & Cas. Co.*, 2023 WL 2734655 (N.D.Ohio Mar. 31, 2023) (insured made misstatement in fire loss); *Broad v. N. Pointe Ins. Co.*, 2014 WL 1097925 (N.D.Ohio Mar. 19, 2014) (insured made misstatement in claiming fire loss). These cases involved homeowners making false statements to their insurance company and then trying to benefit from their own false statements. That is not the case here.

**{¶45}** Based on the above, there is coverage for Johnson under the Policy in the event he had consent to operate the Vehicle, even if Harden misrepresented that the Vehicle was stolen. But the trial court never made a factual determination as to the stolen versus consent issue.

**{¶46}** "When an action or proceeding in which declaratory relief is sought under this chapter involves the determination of an issue of fact, that issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the action or proceeding is pending." R.C. 2721.10. Thus, the proper remedy here is to remand this matter to the trial court to rule on the factual issue of whether the Vehicle was stolen at the time of the accident or whether Harden had granted Johnson consent to operate the vehicle.

**{¶47}** Accordingly, Cottle's and Whitted's sole assignment of error has merit and is sustained.

**{¶48}** Likewise, Smith's and Jackson's sole assignment of error has merit and is sustained.

**{¶49}** For the reasons stated above, the trial court's judgment is hereby reversed. The matter is remanded so that the trial court may make factual findings as to whether the Vehicle was stolen or whether Harden misrepresented this fact to Grange. Once the trial court has made this finding, it shall proceed to enter the appropriate declaratory judgment as to coverage as set out in this Opinion.

Robb, P.J., concurs.

Dickey, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed. We hereby remand this matter so that the trial court may make factual findings as to whether the Vehicle was stolen or whether Harden misrepresented this fact to Grange. Once the trial court has made this finding, it shall proceed to enter the appropriate declaratory judgment as to coverage as set out in this Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**