[Cite as *Grange Indemn. Ins. Co. v. Harden*, 2025-Ohio-5212.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

GRANGE INDEMNITY INSURANCE COMPANY,

Plaintiff-Appellee,

v.

RAYSHEEN HARDEN ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case Nos. 25 MA 0018, 25 MA 0019

---

Application for Reconsideration

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. James R. Gallagher*, Gallagher, Gams, Tallan, Barnes & Littrell LLP, for Plaintiff-Appellee Grange Indemnity Insurance Company and

*Atty. Henry D. Acciani*, O'Connor, Acciani & Levy, L.P.A., for Defendants-Appellants Shalita Cottle and Sarenda Whitted and

*Atty. David M. Tschantz*, for Defendants-Appellants Lazaynah Smith and Latarka Jackson.

Dated:  November 13, 2025

**PER CURIAM.**

**{¶1}** Plaintiff-Appellee, Grange Indemnity Insurance Company (Grange), has filed an application for reconsideration asking this Court to reconsider our decision and judgment entry in which we reversed the trial court judgment granting a declaratory judgment in favor of Grange that found Grange had no duty to provide liability coverage to Ayodele Johnson under a policy owned by Raysheen Harden. *Grange Indemnity Ins. Co. v. Harden*, 2025-Ohio-4579 (7th Dist.). We further remanded the matter for the trial court to make factual findings as to whether the subject vehicle was stolen or whether Harden misrepresented this fact to Grange and to then enter the appropriate declaratory judgment as to coverage.

**{¶2}** App.R. 26, which provides for the filing of an application for reconsideration in this Court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143 (10th Dist. 1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist. 1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id*.

**{¶3}** Grange claims this Court did not consider five issues.

**{¶4}** First, Grange submits that we did not consider that the plain meaning of the "Misrepresentation, Warranties and Fraud" clause, as written, precluded coverage for both Harden and Johnson if Harden misrepresented to Grange that her car had been stolen.

**{¶5}** But we did consider this argument:

Case Nos. 25 MA 0018, 25 MA 0019

The Misrepresentation Provision provides that Grange may deny coverage under the Policy if "**you**, an **insured** . . . or any person seeking coverage . . . [m]ade incorrect statements . . . to us with regard to any material fact or circumstances . . . [c]oncealed or misrepresented any material fact or circumstances; or engaged in fraudulent conduct; [i]n connection with any accident or loss for which coverage is sought." The Misrepresentation Provision further provides that "If we deny coverage [under this provision] . . . we will not be liable for any claim that would otherwise be covered."

In this case, the misrepresentation allegedly made by Harden was that the Vehicle was stolen. If this statement were true, Harden would be the insured asserting claims under the Policy stemming from the theft of her Vehicle. But this is not the case here. Instead, Johnson is the insured. Johnson has not made any misrepresentations. And the claim here is for injuries sustained by the Injured Defendants.

*Harden* at ¶ 39-40.

{¶6} Second, Grange asserts we improperly applied a "fairness" standard specifically arguing: "The Court ruled it would not enforce the Misrepresentation clause, ***even if Harden had made a misrepresentation to Grange***, because it was not fair to Johnson to do so: 'there is coverage for Johnson under the Policy in the event he had consent to operate the Vehicle, ***even if Harden misrepresented that the Vehicle was stolen***.'" (Application p. 5; Emphasis sic).

{¶7} Grange misstates this Court's findings. We did not make a ruling stating it was "not fair" to Johnson to deny coverage. This Court based our opinion on the facts before us and the applicable law.

{¶8} Third, Grange argues we improperly inserted language by construction into the Misrepresentation Provision in order to provide coverage to Johnson. It claims this Court effectively inserted the italicized language into the following provisions: "If we deny coverage, as permitted by provision K.2., we will not be liable for any claim ***asserted by***

*or against the person who made the misrepresentation* that would otherwise be covered." (Application p. 6; Emphasis sic).

**{¶9}** Grange simply disagrees with this Court's determination here. The Misrepresentation Provision provides: "**we** may deny coverage under this policy, or, at our election, assert any other remedy available under applicable law, if **you**, an **insured**, a **family member**, a resident in **your** household, or any person seeking coverage under this policy [makes a material misrepresentation.]" *Harden* at ¶ 8. If "any person seeking coverage under the policy" makes the material misrepresentation, then they are the person subject to the loss of coverage.

**{¶10}** Fourth, Grange contends we should reconsider our decision because the refusal to enforce the Misrepresentation Provision here is contrary to the public policy of discouraging people from making misrepresentations to insurance companies.

**{¶11}** On the contrary, we did consider the policy behind fraud and misrepresentation provisions such as the one at issue here. We pointed out that the purpose of fraud and misrepresentation provisions is to protect insurance companies against false claims. *Harden* at ¶ 43, citing *Freeland v. Grange Mut. Cas. Co.*, 2014-Ohio-5044, ¶ 7 (10th Dist.). We then found there was no false claim at issue here: "If the Vehicle was stolen, there is no viable claim. If instead Johnson was operating the Vehicle with Harden's consent, Johnson was an insured and was owed coverage by Grange." *Harden* at ¶ 43. We further noted that Johnson was not accused of making a false misrepresentation or a false claim here. *Id.* at ¶ 43.

**{¶12}** Finally, Grange asserts we should reconsider our decision on the basis that Ohio law enforces liability insurance clauses that preclude coverage for all insureds based on the actions of one insured.

**{¶13}** Once again, Grange simply disagrees with the decision reached by this Court. We distinguished several cases cited by Grange on their facts because they involved situations when the insurance company denied coverage when the misrepresentation was made by the insured who sought coverage. *Harden* at ¶ 44.

**{¶14}** In sum, Grange merely disagrees with the conclusions reached and the logic used by this Court.

**{¶15}** For the reasons stated, the application for reconsideration is denied.

**JUDGE MARK A. HANNI**

**JUDGE CAROL ANN ROBB**

**JUDGE KATELYN DICKEY**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**